*In re:*

Cristóbal Díaz Ayala.

No. —

Admission to
Practice Law

ORDER

San Juan, Puerto Rico, September 23, 1965

After examining the application for admission to the bar examination filed by the applicant who states that he obtained his law degree in the University of Havana on July 8, 1942, as well as the documents which appear in the record, the aforesaid application is approved and the applicant is admitted to the next bar examination. Notice thereof to be given to the Examining Board.

It was so agreed by the Court as witnesses the signature of the Chief Justice. Mr. Justice Pérez Pimentel, Mr. Justice Blanco Lugo, and Mr. Justice Dávila do not agree, the first two stating that they shall set forth their position in writing.

(s) Luis Negrón Fernández
*Chief Justice*

I attest:

(s) Ignacio Rivera
*General Secretary*

895

Separate opinion of MR. JUSTICE BLANCO LUGO, in which
MR. JUSTICE PÉREZ PIMENTEL, MR. JUSTICE RIGAU, and
MR. JUSTICE DÁVILA concur.

San Juan, Puerto Rico, September 23, 1965

Rule 8(a)(1) of our Rules requires, *inter alia*, that any person desiring to be admitted to practice as an attorney in Puerto Rico shall file an application setting forth under oath that he "has pursued every course of law in and is a graduate of a law school approved by the Superior Educational Council, if the applicant has pursued his studies in Puerto Rico, or by the American Bar Association or the Supreme Court of Puerto Rico if the applicant has pursued his law studies outside of Puerto Rico." Where, as in the present case, the applicant has obtained his degree in a foreign university—the University of Havana—the power of accreditation is exclusively ours.

In the past, in similar situations,[1] in the absence of the necessary elements of judgment, we have referred the matter to the Committee on Legal Education and Admission to Practice the Profession of the Judicial Conference of Puerto Rico to submit a report on the standards established in the corresponding university to obtain the degree conferred on the applicant, the programs of studies of such school of law, and any other aspect which may aid us. We have acted and justified our approval of the application on the basis of the report submitted. I see no reason to prevent us from following the same procedure at this time.[2] To

---

[1] See record 2,130 of Hernán C. Torres, an attorney at law, a graduate of the National University of Córdoba, located in the Argentine Republic.

[2] Fortunately several renowned Cuban jurists live in our midst whose authoritative, and above all, reliable opinion easily accessible, may be obtained. Among others, Doctors Emilio Menéndez, José Miró Cardona and Alberto Blanco hold professorships in the School of Law of the University of Puerto Rico, and Doctor José Portuondo de Castro in the School of Law of the Catholic University of Puerto Rico.

substitute the same by an alleged knowledge of the general reputation of the University of Havana in the past—in 1940 and 1953?—constitutes, in my opinion, a deviation from a sound practice in a specific case.[3]

For these reasons I vote against the approval of these applications.

---

[3] This fact is confirmed by our action of even date herewith designating a Committee *ad hoc* to submit a report on the University of Oriente, located in Santiago, Republic of Cuba. See *In re Francisco Javier Santa, Cruz Pacheco Rivery.*